UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CHRISTOPHER POWELL,**

    Petitioner,

v.                                           Case No.: 8:20-cv-2968-CEH-SPF
                                                              Case No.: 8:08-cr-126-CEH-SPF

**UNITED STATES OF AMERICA,**

    Respondent.
_____/

**ORDER**

    Christopher Powell moves under 28 U.S.C. § 2255 to vacate his drug conspiracy conviction and 262-month sentence. His conviction and sentence accord with the plea agreement. In his motion, Powell claims that the United States committed prosecutorial misconduct by breaching the plea agreement and that his sentence was improperly enhanced. Powell is entitled to no relief because his claims are untimely and lack merit.

**I.    Background**

    In 2008, a jury found Powell guilty of drug crimes, including conspiracy to possess and distribute cocaine and marijuana. (Crim. Doc. 167) The district court sentenced Powell to a term of life imprisonment. (Crim. Docs. 192 and 201)

    On appeal, Powell challenged the district court's denial of his motion to suppress statements he made after his arrest. The appellate court determined that the district court erred when it rejected the magistrate judge's suppression

recommendation by discrediting witness credibility determinations without first rehearing the disputed testimony. *United States v. Powell*, 628 F.3d 1254, 1257 (11th Cir. 2010). The appellate court vacated Powell's convictions and sentence. *Id*.

On remand, Powell pleaded guilty under a plea agreement to one count of conspiracy to possess with intent to distribute 100 kilograms or more of marijuana and 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841 (a)(1), (b)(1)(A)(ii), and 846. (Crim. Doc. 303) Under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agreed to recommend a 300-month sentence. (*Id*. at 2) On August 24, 2012, the district court entered a judgment against Powell and sentenced him to 300 months' imprisonment. (Crim. Doc. 333) Powell did not appeal.

Six years later, in 2018, the district court granted Powell's unopposed motion under 18 U.S.C. § 3582(c)(2) for retroactive application of Amendment 782 of the United States Sentencing Guidelines, which reduced Powell's advisory guidelines range. (Crim. Docs. 369 and 373) On August 6, 2018, the district court reduced Powell's sentence under Section 3582(c)(2) from 300 months to 262 months, but the judgment entered against Powell on August 24, 2012, otherwise remained unchanged. (Crim. Doc. 374)

Powell appealed the reduced sentence. (Crim. Doc. 377) After an independent examination of the entire record showed no arguable issues of merit, the appellate court affirmed the district court's grant of Powell's motion for a sentence reduction. *United States v. Powell*, 829 F. App'x 505 (11th Cir. 2020).

## II. Discussion

Powell now challenges his conviction and sentence on four grounds. In Ground One, he claims that he did not receive advance notice of his career-offender sentencing enhancement or of his drug recidivist sentencing enhancement. In Grounds Two and Four, he claims that his sentence was improperly enhanced for obstruction of justice and firearms possession. In Ground Three, he claims the United States committed prosecutorial misconduct when it breached the parties' plea agreement by failing to provide him advance notice of its intention to pursue sentencing enhancements. The United States responds that Powell's claims are untimely, procedurally defaulted, and meritless.

### A. Powell's claims are untimely.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitations for filing a Section 2255 motion to vacate or correct sentence. 28 U.S.C. § 2255(f). Under § 2255(f)(1), the limitations period begins to run from "the date on which the judgment of conviction becomes final." If a defendant does not appeal, his conviction becomes final upon the expiration of the period for filing a timely notice of appeal, or 14 days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A); *Akins v. United States*, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000).

Powell's judgment of conviction was entered on August 24, 2012. (Crim. Doc. 333) The judgment became final 14 days later, on September 7, 2012, when the time for filing a direct appeal expired. Under § 2255(f)(1), Powell had until September 7,

2013, to file his Section 2255 motion. Powell did not file his Section 2255 motion until January 8, 2021, approximately eight years after the filing deadline passed.[1]

When asked to explain why the one-year statute of limitations in Section 2255(f) does not bar his claims, Powell responds that he "had no knowledge of the enhancements" until June 26, 2020, when court-appointed appellate counsel Mary Anderson notified him that his sentence was enhanced. (Civ. Doc. 5 at 11) Affording the Section 2255 motion a generous interpretation, Powell appears to assert that his ignorance of the applicable sentencing enhancements entitles him to equitable tolling of the limitation period.

To toll the limitation period, the movant must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotations omitted). "[E]quitable tolling is an extraordinary remedy which is typically applied sparingly." *Dodd v. United States*, 365 F.3d 1273, 1282 (11th Cir. 2004) (quotations omitted). "The focus of the inquiry regarding extraordinary circumstances is on the circumstances surrounding the late filing of the habeas petition . . . and whether the conduct of others prevented the petitioner from timely filing."

---

[1] The order dated August 6, 2018, reducing Powell's sentence under 18 U.S.C. § 3582(c)(2) does not constitute a new judgment and does not alter the date on which the judgment of conviction became final for purposes of the AEDPA statute of limitations. *Armstrong v. United States*, 986 F.3d 1345, 1350 (11th Cir. 2021) ("[A] § 3582(c) sentence modification does not constitute a new judgment for purposes of resetting AEDPA's one-year statute of limitations to file a § 2255 petition.") (citing *Murphy v. United States*, 634 F.3d 1303, 1309 (11th Cir. 2011)).

*Arthur v. Allen*, 452 F.3d 1234, 1253 (11th Cir. 2006) (quotations omitted). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Dodd*, 365 F.3d at 1282 (quotations omitted). "Mere conclusory allegations are insufficient to raise the issue of equitable tolling." *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011).

Powell's assertion that he did not know his sentence was enhanced is contradicted by his sworn statements to the district court at sentencing that he reviewed the presentence report with counsel. (Crim. Doc. 393 at 4)  Nevertheless, accepting as true that Powell did not learn his sentence was enhanced until June 26, 2020, he fails to show that he exercised reasonable diligence in pursuing his rights. Powell describes no action that he took to preserve his rights in the relevant period between the finality of his criminal judgment and the deadline to file his Section 2255 motion. *See Vahlkamp v. Sec'y, DOC*, No. 21-14052, 2022 WL 17752230, at *2 (11th Cir. Dec. 19, 2022) (explaining that "[the defendant] bore the burden to prove that he, not his counsel, independently exercised reasonable diligence" and finding that "[the defendant's] 13-year delay in filing his federal petition exhibited a lack of reasonable diligence").

Furthermore, Powell's ignorance that his sentence was enhanced is not an extraordinary circumstance warranting equitable tolling. "[The Eleventh Circuit] has not accepted a lack of a legal education and related confusion or ignorance about the law as excuses for a failure to file in a timely fashion." *Perez v. Florida*, 519 F. App'x 995, 997 (11th Cir. 1013) (citing *Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir.

5

2005) (stating that "procedural ignorance [has never been accepted] as an excuse for prolonged inattention when a statute's clear policy calls for promptness")); *see also Jones v. United States*, 304 F.3d 1035, 1044 (11th Cir. 2022) ("[I]gnorance of the law is [an] insufficient rationale for equitable tolling[.]"); *Spears v. Warden*, 605 F. App'x 900, 904 (11th Cir. 2015) ("[W]e have not accepted a lack of legal education as an excuse for a failure to file in a timely fashion."). Significantly, "pro se litigants, like all others, are deemed to know of the one-year statute of limitations." *Outler v. United States*, 485 F.3d 1273, 1282 n.4 (11th Cir. 2007). Consequently, Powell fails to meet his burden to show that his ignorance of the applicable sentencing enhancements justifies equitable tolling of the statute of limitations.

  **B. Powell's claims lack merit.**

Furthermore, even if Powell timely asserted his claims, he is entitled to no relief because they lack merit.<sup>2</sup>

  **1. Ground One**

In Ground One, Powell claims that he received advance notice of neither his career-offender sentencing enhancement under United States Sentencing Guidelines

---

[2] Although the United States correctly argues that Powell procedurally defaulted his claims by not raising them on direct appeal, the district court rejects his claims as meritless. *See Dallas v. Warden*, 964 F.3d 1285, 1307 (11th Cir. 2020), *cert. denied*, 142 S. Ct. 124, 211 L. Ed. 2d 40 (2021) ("[A] federal court may skip over the procedural default analysis if a claim would fail on the merits in any event."); *Garrison v. United States*, 73 F.4th 1354, 1359 n.9 (11th Cir. 2023) (same).

Section 4B1.1 nor of his drug recidivist sentencing enhancement under 21 U.S.C. §§ 841(b)(1)(A) and 851. (Civ. Doc. 5 at 4–5)

Powell is entitled to relief on neither claim. No advance notice is required for application of a career-offender sentencing enhancement under Section 4B1.1. *Young v. United States*, 936 F.2d 533, 536 (11th Cir. 1991) ("[T]he Government does not have to follow the notice requirements of section 851 in order to use a defendant's prior convictions to enhance his sentence under the Guidelines as a career offender, so long as the enhanced sentence still falls within the permissible statutory range."). Furthermore, the record shows that the United States withdrew its Information and Notice of Prior Convictions under Sections 841(b)(1)(A) and 851. (Crim. Docs. 90, 304, and 308) And, therefore, Powell's sentence was not enhanced under Sections 841(b)(1)(A) and 851 for his prior felony drug convictions.

    **2.**    **Grounds Two and Four**

In Ground Two Powell claims that his sentence was improperly enhanced for obstruction of justice. He argues that, after his 2008 judgment of conviction was vacated and remanded, he pleaded guilty under a plea agreement and therefore, after the case was remanded, he did not testify, commit perjury, or engage in conduct justifying the obstruction of justice enhancement. (Civ. Doc. 5 at 5–6) In Ground Four Powell claims that his sentence was improperly enhanced for firearms possession because the United States voluntarily dismissed the firearm possession charge. (Civ. Doc. 5 at 8–9)

"Section 2255 does not provide a remedy for every alleged error in conviction and sentencing." *Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014) (*en banc*). When a prisoner claims that his "sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack," 28 U.S.C. § 2255(a), a court lacks authority to grant relief "unless the claimed error constitute[s] 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Spencer*, 773 F.3d at 1138 (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)). "[A] miscalculation of a defendant's Guideline range cannot be a 'complete miscarriage of justice' because the Sentencing Guidelines are advisory." *Godwin v. United States*, No. 19-14273-E, 2020 WL 6343962, at *3 (11th Cir. July 13, 2020) (quoting *Spencer*, 773 F.3d at 1140)). "Rather, a prisoner may challenge a sentencing error as a fundamental defect on collateral review 'when he can prove that he is either actually innocent of his crime or that a prior conviction used to enhance his sentence has been vacated.'" *Id.* (quoting *Spencer*, 773 F.3d at 1139). "When a federal prisoner, sentenced below the statutory maximum, complains of a sentencing error and does not prove either actual innocence of his crime or the vacatur of a prior conviction, the prisoner cannot satisfy the demanding standard that a sentencing error resulted in a complete miscarriage of justice." *Spencer*, 773 F.3d at 1139.

Powell does not claim actual innocence of his offense of conviction nor vacatur of a prior conviction used to enhance his sentence. In fact, he pleaded guilty under a plea agreement to knowingly conspiring to possess with the intent to distribute and to

distribute cocaine and marijuana. (Crim. Doc. 303 at 15) Instead, he claims only that the district court erroneously applied obstruction of justice and firearms enhancements under the advisory guidelines. However, because Powell was sentenced below the statutory maximum of life imprisonment and he shows neither actual innocence of his offense of conviction nor a vacatur of a prior conviction used to enhance his sentence, he cannot show that any sentencing error resulted in a miscarriage of justice.

### 3.     Ground Three

Powell claims that the United States breached its promises in the plea agreement, and thus engaged in prosecutorial misconduct, when it pursued sentencing enhancements without first providing him advance notice. (Civ. Doc. 5 at 7)

Powell's claim is affirmatively contradicted by the record. The plea agreement contains no provision regarding the United States' obligation to provide advance notice of its intention to pursue sentencing enhancements. Rather, the parties agreed under Rule 11(c)1)(C) to recommend to the district court a 300-month sentence, which fell within Powell's advisory guidelines range of 292 to 365 months. (Crim. Doc. 303 at 2; Crim. Doc. 393 at 5) The parties further agreed that if the district court rejected their agreement, Powell would be permitted to withdraw his guilty plea. (Crim. Doc. 303 at 12) Consequently, Powell's claim that the United States breached the plea agreement by seeking to enhance his sentence without advance notice entitles him to no relief. *See McEarchen v. United States*, No. 4:19cv155, 2020 WL 3969886, at *3 (N.D. Ga. July 14, 2020) (finding that the United States did not breach the plea agreement when a federal agent testified against the prisoner in state court when "[t]here was no

promise of any sort that would preclude [the agent's testimony]"); *see Clark v. United States*, No. 2:11cv885, 2012 WL 3880203, at *2 (M.D. Ala. Aug. 13, 2012) (finding that the prisoner's claim that the United States breached the plea agreement by charging additional counts fails because the "plea agreement contains no suggestion that the [United States] agreed not to charge [the prisoner] with additional counts").

## III. Conclusion

Powell's motion under 28 U.S.C. § 2255 (Civ. Doc. 5) is **DENIED**. The Clerk is directed to enter judgment against Powell, to close this case, and to enter a copy of this order in the criminal action.

Powell is not entitled to a certificate of appealability. To obtain a certificate of appealability, the petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because Powell fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, he is not entitled to a certificate of appealability or to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on December 19, 2023.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Pro Se Petitioner
Counsel of Record